UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD TJ ENGLE,<br><br>　　　　　　　Petitioner,<br>　v.<br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:24-cv-00257-MMD-CSD<br><br>ORDER |

### I.   SUMMARY

Petitioner Ronald TJ Engle, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus. (ECF No. 5.) This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Petitioner's Application to Proceed *In Forma Pauperis* ("IFP" (ECF No. 1)), Motion to Include Extra Pages (ECF No. 6), and Motion for Appointment of Counsel (ECF No. 7).

### II.   BACKGROUND

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Petitioner challenges a conviction and sentence imposed by the Third Judicial

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

District Court for Lyon County.[2] On September 6, 2018, the state court entered a judgment of conviction for four counts of sexual assault on a child under the age of fourteen, two counts of attempted sexual assault on a child under the age of fourteen, two counts of lewdness with a minor under the age of fourteen, unlawful use of a minor in production of pornography or subject of sexual portrayal in a performance, and possession of a visual presentation depicting sexual conduct of person under sixteen years of age. The state court sentenced Petitioner to an aggregate term of life with the possibility of parole after 90 years. The Nevada Court of Appeals affirmed the conviction.

On December 27, 2019, Petitioner filed a state petition for writ of habeas corpus, as well as a supplemental petition, which were denied. The Nevada Court of Appeals affirmed the denial of relief. On June 27, 2024, Petitioner mailed or handed to a correctional officer for the purpose of filing his federal petition for writ of habeas corpus. (ECF No. 5.) The Court has considered Petitioner's IFP application along with the attached financial documents and concludes that he cannot pay the $5.00 filing fee. The IFP application will therefore be granted.

### III.   DISCUSSION

Turning to Petitioner's motion for appointment of counsel (ECF No. 7) to assist him in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987);

---

[2]The Court takes judicial notice of the Nevada appellate courts' online docket records, which may be accessed at caseinfo.nvsupremecourt.us/public/caseSearch.do.

*Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Petitioner is serving lengthy consecutive sentences. He indicates that he has only completed the ninth grade and that his eyesight is failing. In addition, his petition may raise relatively complex issues, and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Petitioner's motion for appointment of counsel is granted.

### IV. CONCLUSION

It is therefore ordered that Petitioner's Motion for Appointment of Counsel (ECF No. 7) is granted.

It is further ordered that Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 1) is granted.

It is further ordered that Petitioner's Motion to Include Extra Pages (ECF No. 6) is granted.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or

representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

It is further ordered that the Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 26th day of July 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE